# UNITED STATES DISTRICT COURT
## Eastern District of California

## Petition to Modify the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing, is on file)*

**Name of Offender:**   Phi Vay Bui                **Docket Number:**   0972 2:07CR00122-01

**Name of Judicial Officer**:   Senior United States District Judge William B. Shubb

**Date of Original Sentence:**   07/31/2009

**Original Offense:** 21 U.S.C. § 846 and 841(a)(1) - Conspiracy to Distribute and Possess with Intent to Distribute MDMA; and 21 U.S.C. § 841(a)(1) - Possession with Intent to Distribute MDMA (Class C Felonies).

**Original Sentence:** 87 months custody Bureau of Prisons; 36 months Supervised Release; $200 special assessment; Mandatory drug testing; No firearms; DNA collection

**Special Conditions:**

 1**.**   Warrantless Search
 2.   Financial Disclosure
 3.   Drug/Alcohol Treatment
 4.   Drug/Alcohol Testing
 5.   Pager/Cellular Phone Restriction
 6.   Aftercare Co-Payment
 7.   Cooperate With Immigration Officials

**Type of Supervision:**   TSR

**Date Supervision Commenced:**   8/20/2015

**Other Court Actions:**

**01/07/2015**:   Sentence reduced to 70 months imprisonment due to amendments to the sentencing guideline range.

## PETITIONING THE COURT

**To modify the conditions of supervision as follows:**

8. The defendant shall complete 20 hours per week of unpaid community service as directed by the probation officer. The defendant shall pay fees attendant to participation and placement in this program on a sliding scale as determined by the program. Community service shall be completed at the rate of 20 hours per week until the defendant becomes employed.

**Justification:** Phi Bui commenced his term of supervised release on August 20, 2015. It is noted that after completing his prison sentence he was transferred to Bureau of Immigration and Customs Enforcement (ICE) custody for deportation proceedings. He remained in ICE custody until March 3, 2016, when he was released under an Order of Supervision.

Since his release from custody, Bui has failed to provide urine samples of seven occasions. In July 2016, I referred him to Moral Reconation Therapy based on missed urine samples. His attendance for drug testing improved after that; however, he missed three random urine tests in November 2016.

Bui has not been working since his release from custody. Based on his deportation status, he is required to obtain a work permit through ICE. At his intake, I directed Bui to submit his application for a work permit; however, he only recently has done so.

Bui lives with his father. He is unemployed and has sufficient time to attend all drug tests and to apply for his work permit. Based on his pattern of noncompliance with drug testing and procrastination towards filing for a work permit, I recommend that Bui participate in community service hours at the rate of 20 hours per week, until he obtains employment. I explained Bui's right to have an attorney and a hearing before the Court. He chose to waive the hearing as evidenced by his signature on the attached Waiver of Hearing form.

Respectfully submitted,

*Sara Gnewikow*

**Sara Gnewikow**
**Sr. United States Probation Officer**
Telephone: 916-930-4312

**DATED:** 12/1/2016

Reviewed by,

**George A. Vidales**
**Supervising United States Probation Officer**

**THE COURT ORDERS:**

☒  Modification approved as recommended.

**Dated:  December 1, 2016**

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

CC:

United States Probation

Assistant United States Attorney: Todd Leras

Defense Counsel: Christopher Haydn-Mayer